IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SUKRU TEMUCIN ASLAN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | EP-26-CV-00414-DB |
| | § | |
| WARDEN ERO EL PASO E. | § | |
| MONTANA DETENTION FACILITY, *et* | § | |
| *al.*, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On this day, the Court considered Petitioner Sukru Temucin Aslan's ("Petitioner") "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Discretionary Bond Pursuant to 8 U.S.C. § 1226(a)" ("Petition"), ECF No.[1] 4, filed on February 12, 2026. Therein, Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"), arguing the Immigration Judge ("IJ") improperly denied him release on bond. *See* ECF No. 4 at 1. After due consideration, the Court finds it lacks jurisdiction to review the Immigration Judge's discretionary decision to deny Petitioner's bond. Accordingly, Petitioner's Emergency Petition for Writ for Habeas Corpus must be denied.

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter.  When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

## BACKGROUND

Petitioner is a citizen of Turkey who entered the United States in 2018. ECF No. 4 at 1. Upon arrival, Petitioner presented himself, or was otherwise apprehended, at the port of entry in Los Angeles and released on bond. *See* ECF No. 11 at 1; ECF No. 4 at 2. While in the United States, Petitioner was convicted of an unspecified felony and sentenced to 8 months imprisonment. *See* ECF No. 4 at 2. After serving his sentence, Petitioner was, at an unspecified date, detained by ICE. *See id.* at 1. While in ICE custody, Petitioner received a bond hearing before an Immigration Judge. *See id.* The IJ denied Petitioner bond on the grounds that he posed a danger to society. *Id.*

On February 12, 2026, Petitioner filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Discretionary Bond Pursuant to 8 U.S.C. § 1226(a)," ECF No. 4, challenging the legality of his detention and asking the Court to order a second bond hearing. *Id.* at 2. Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 7, on February 20, 2026.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## ANALYSIS

In addressing the Petition, the Court first considers whether it has jurisdiction to decide Petitioner's claims. Here, the only claim for relief raised by Petitioner is that the IJ erred in denying him bond. *See* ECF No. 4 at 1 (arguing the IJ "improperly assume[d]" Petitioner poses a danger to society). However, pursuant to 8 U.S.C. § 1226(e), the Court cannot review an Immigration Judge's discretionary decision to deny a noncitizen bond.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress provided in 8 U.S.C. § 1226(e) that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." 8 U.S.C. § 1226(e). The statute explicitly prohibits the courts from setting aside "any action or decision. . . regarding the detention or release of any [noncitizen] or the grant, revocation, or denial of bond or parole." *Id.* As such, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claim regarding the Immigration Judge's discretionary denial of bond. Petitioner's Emergency Petition for Writ for Habeas Corpus, ECF No. 1, must be denied.

## CONCLUSION

For the reasons stated above, the Court determines it cannot exercise jurisdiction over Petitioner's claim. Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Discretionary Bond Pursuant to 8 U.S.C. § 1226(a)," ECF No. 4, is **DENIED.**

**IT IS FURTHER ORDERED** Petitioner's "Emergency Motion to Expedite Consideration," ECF No. 15, is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the District Clerk **SHALL MAIL** a copy of this Order to Petitioner at the address on file with the District Clerk's Office.

**SIGNED** this **23rd** day of **March 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE